```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       SOUTHERN DIVISION at LONDON

CHERYL PARTIN,                    )
                                  )
     Plaintiff,                   )
                                  ) Civil Action No. 6:07-284-JMH
                                  )
v.                                )
                                  )
MICHAEL J. ASTRUE, COMMISSIONER   )   MEMORANDUM OPINION AND ORDER
OF SOCIAL SECURITY,               )
                                  )
     Defendant.                   )
                                  )
                                  )

                   **    **    **    **    **
```

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 11][1] on the plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits and Supplemental Security Income (SSI). The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns Plaintiff's second application for disability insurance and SSI. Plaintiff's first application, filed on July 21, 2003, claimed November 23, 2002, as the date of onset of disability. After holding a hearing on Plaintiff's application, on October 18, 2005, Administrative Law Judge ("ALJ") Alderisio

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

rendered a decision unfavorable to Plaintiff. On appeal, the ALJ's decision was affirmed by U.S. District Judge Unthank.

Plaintiff filed a second application, the subject of this appeal, on November 9, 2005, continuing to assert November 23, 2002, as the date of disability. ALJ Letchworth issued an unfavorable decision on the new application on February 17, 2007. In his decision, ALJ Letchworth found that absent new and material evidence of a deterioration in Plaintiff's condition, *res judicata* precluded the reconsideration of Plaintiff's first application, to the extent that the periods of disability alleged in the first and second applications overlapped. Plaintiff appealed ALJ's Letchworth's decision to this Court.

At the time of ALJ Letchworth's decision, Plaintiff was 35 years old. [Tr. 70]. She has less than a high school education, attending special education classes for reading and math. [Tr. 70-71]. Plaintiff has past relevant work as a store laborer, poultry cutter, dishwasher, and house cleaner. [Tr. 317]. Plaintiff alleges she is disabled as a result of two slipped discs in her back, numbness in her hands, and knee problems. [Tr. 364]. After reviewing the entire record, ALJ Letchworth found, *inter alia*, that the plaintiff suffers from the severe conditions of degenerative joint disease and degenerative disk disease, but that she did not have any conditions, either singly or in combination, which met a listed impairment [Tr. 319]. The ALJ found that Plaintiff was

unable to perform any of her past relevant work, but that she retained the residual work capacity to perform various other jobs in the national economy [Tr. 319-20].

On appeal, Plaintiff contends that ALJ Letchworth erred by failing to accurately portray her condition in the hypothetical question posed to the vocational expert. Specifically, Plaintiff complains that ALJ Letchworth failed to include in the hypothetical question certain physical restrictions found by consultative examiner Dr. Jules Barefoot.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Serv.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**III. ANALYSIS**

Plaintiff argues that ALJ Letchworth ignored the following findings of consultative examiner Dr. Jules Barefoot, as detailed in his December 28, 2005 report:

1. Range of motion measurements were done and the examinee was noted to have diminished range of motion in the lumbar spine.
2. She was poorly able to squat.
3. Her gait was minimally antalgic, but she was able to ambulate without the use of an assistive device.
4. She did have diminished range of motion in her lumbar spine as well as diminished straight leg raising on the right.
5. Her ability to repetitively bend, squat, crawl, and climb does appear to be impaired.

Pl. Br. at 2. Plaintiff argues that had these restrictions been included in the hypothetical question posed to the vocational expert, the limitations would render her unable to perform any jobs.

In determining Plaintiff's residual functional capacity ("RFC"), ALJ Letchworth properly considered Plaintiff's RFC as determined by ALJ Alderisio in his October 18, 2005, decision. ALJ Letchworth correctly recognized that unless Plaintiff presented new and material evidence documenting a change in her circumstances, he was bound by the findings of ALJ Alderisio. *See Drummond v. Comm'r of Social Security*, 126 F.3d 837 (6th Cir. 1997); *see also* Acquiescence Ruling 98-4(6), 63 Fed. Reg 29, 771, 1998 WL 283902

4

(1998) ("When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."). The RFC finding in ALJ Letchworth's decision is nearly identical to ALJ Alderisio's RFC finding. Both ALJs concluded that Plaintiff has the residual functional capacity for light exertional work not requiring any climbing of stairs or more then occasional crawling or kneeling, and that she can perform no more than occasional gross manipulation. (Tr. 20, 319).

To support her argument that ALJ Letchworth improperly determined that she can perform a limited range of light work, Plaintiff points to the above-listed findings of Dr. Barefoot. While Dr. Barefoot's December 28, 2005, report was subsequent to ALJ Alderisio's October 18, 2005 decision, ALJ Letchworth determined found that the evidence did not warrant a departure from the RCF in the October 18, 2005 decision. There is substantial evidence to support the use of the same RFC.

State agency medical consultants Dr. Kevin Walker and Dr. David Swan reviewed Plaintiff's entire record, including Dr.

5

Barefoot's report, and rendered opinions on Plaintiff's functional abilities and limitations.  In reports dated January 11, 2006, and March 31, 2006, Drs. Walker and Swan, respectively, found Plaintiff capable of lifting and carrying twenty pounds occasionally and ten pounds frequently.  Drs. Walker and Swan also found that Plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but that she should never climb ladders, ropes, or scaffolds.  Drs. Walker and Swan found no limitations on Plaintiff's ability to perform gross and fine manipulation with her hands.  (Tr. 444-460).

An ALJ is only required to incorporate into the hypothetical question limitations which he accepts as credible.  *See Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988).  The reports of Drs. Walker and Swan provide substantial evidence to support ALJ Letchworth's decision not to include in the hypothetical question the specified opinions of Dr. Barefoot and to reaffirm Plaintiff's RFC as determined in ALJ Alderisio's October 18, 2005, decision.

## IV.  Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1)  That the defendant's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED;** and

(2)  That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

6

This the 17th day of September, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge